FILED OCT 12 '01 PM 1:32 USDCALS

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LES BARNETT, TERRY LATHAN, and PERCY JOHNSON, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACTION NO. 01-0434-BH-S |
| STATE OF ALABAMA, et al., ) ) | |
| Defendants. ) | |

## ORDER

Upon review of the Preliminary Scheduling Order (Doc. 18) entered in this action, the Court concludes that the portion requiring initial disclosures of information described in Fed.R.Civ.P. 26(a)(1)(A-D) is premature. It is therefore **ORDERED** that such requirement be and is hereby **SUSPENDED** until further order of the Court. In addition, the attached Notices regarding Magistrate Judge participation shall be disregarded.

The Court further finds that certain issues, such as plaintiffs' standing, requires further briefing. Specifically, the Court requires the following information:

1. The defendants shall explain why the more recent three-judge federal court decisions in Texas of *Balderas v. Texas*, No. 6:01-CV-158 (E.D. Tex. July 23, 2001); *Mayfield v. Texas*, No. 6:01-CV-218 (E.D. Tex. July 23, 2001); and *Manley v. Texas*, No.

6:01-CV-231 (E.D. Tex. July 23, 2001), do not supercede the Texas cases upon which the defendants rely.

2. The defendants shall explain why, to the extent plaintiffs allege dilution caused by malapportionment of voting districts, as opposed to racial gerrymandering, plaintiffs do not have standing to challenge the apportionment. *See e.g., Gray v. Sanders*, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963).

3. The plaintiffs shall explain how, for standing purposes, why your claim of vote dilution caused by malapportionment of voting districts (i.e., one man/one vote claim) is distinguishable from a racial gerrymandering claim governed by *Sinkfield v. Kelley*, 531 U.S. 28, 121 S.Ct. 446, 148 L.Ed.2d 329 (2000), and *United States v. Hays*, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995).

4. The plaintiffs shall show cause why defendants' motion to transfer (Doc. 20) ought not to be granted.

5. Both sides shall advise this Court of their opinion on whether this three-judge court should abstain or defer to the Alabama legislature or courts under the principles set forth in *Growe v. Emison*, 507 U.S. 25, 113 S.Ct. 1075, 122 L.Ed.2d 388 (1993), and *Scott v. Germano*, 381 U.S. 407, 85 S.Ct. 1525, 14 L.Ed.2d 477 (1965), and what procedure should be utilized to effectuate such an abstention or deference.

6. Both sides shall advise this Court of their opinion on the effect, if any, of the first-filed rule on the jurisdiction of two separate federal courts entertaining similar but distinct redistricting actions.

It is **ORDERED** that the parties **RESPOND** in writing to the above inquiry as follows:

1.   The parties shall file **on or before October 29, 2001,** a brief which does not exceed fifteen (15) pages and in which they address each of the matters specifically addressed to them.

2.   The parties may then file **on or before November 7, 2001,** a brief which does not exceed fifteen (15) pages and in which they respond to the arguments propounded by the opposing party.

DONE this 12th day of October, 2001.

                                                     _W B Hand_
                                                   SENIOR DISTRICT JUDGE